I respectfully dissent. I do not disagree with the majority's holding that Petitioner is not entitled to go free on a double jeopardy plea. I also agree that Coleman, Watkins, and Burks, cited in the majority opinion, are not applicable. My disagreement is with the Court of Criminal Appeals' instruction on remand to the trial court for entry of a judgment of guilty on the lesser included offense of manslaughter.
In my opinion, it is faulty reasoning to conclude, as a matter of law, that, because the jury found the Defendant guilty of the greater offense, it necessarily would have found him guilty of the lesser offense if the trial court had not erroneously submitted the greater offense to the jury. *Page 511 
Such reasoning overlooks the dynamics of the factfinding process. The jury has been instructed that the evidence is sufficient to support a conviction for capital murder; i.e., that the State has met its burden as to all of the elements of the higher crime. On appeal, the judgment of conviction for capital murder is reversed on the grounds of insufficient evidence, but the Court opines that the evidence is sufficient as to the lesser crime of manslaughter. Therefore, reasons the Court, the trial court, without a retrial on the lesser offense, can accept the revised judgment as a conviction of the Defendant for the lesser crime and sentence him accordingly.
While this may make some kind of sense on paper, and it may accord with judicial economy, its application is as faulty as a $3 bill. This Defendant has never been found guilty of manslaughter. No jury has even considered an indictment charging the Defendant only with the offense of first degree manslaughter or its lesser included offenses. The Defendant's right to a fair trial — a right guaranteed under our State Constitution — has been judicially determined to have been denied under the capital murder indictment; yet, he is now about to be sentenced for manslaughter without having had a fair trial, or, in a real sense, without a trial at all. In order to sentence this Defendant, the trial judge must enter a judgment of conviction — a judgment in the absence of a jury verdict.
Perhaps the strongest practical reason for rejecting those cases relied upon by the majority for not giving the Defendant a new trial on the lesser charge relates to the Defendant's right to a defense. Defendant's counsel was forced to represent the Defendant under the law of the case as determined by the trial court. The trial court determined, erroneously, that the evidence was sufficient to warrant the jury's finding the Defendant guilty of capital murder. Defendant's counsel was defending his client against capital murder — not against manslaughter. Surely, the most critical observer would agree that good sound trial strategy may well have included an admission of the lesser offense as a defense against the greater offense (How very few defendants so charged are so lucky?). So, in a real sense, he has not been afforded a defense as to the only crime supported by the evidence.
In conclusion, there comes to mind a complete analogy on the civil law side: Plaintiff, claiming a stipulated amount of compensatory damages and a contested amount of punitive damages, charges the defendant with negligence and wantonness, with the defense of contributory negligence being neither pleaded nor proved. The jury returns a special verdict based on wantonness. On appeal, the judgment is set aside for insufficient evidence, but the reviewing court finds ample evidence of negligence. The defendant gets a new trial on the issue of negligence, not a mandate on remand for the entry of a money judgment for the lesser stipulated amount. Why? Because this jury returned a verdict without supporting evidence; andno jury has yet returned a verdict supported by evidence. Should not policy considerations dictate even a stronger case for the criminally accused?
ADAMS, J., concurs.